WILLIAM REYNOLDS, ADM'R FOR WARREN A. SHERWOOD v. MARTHA A. SMITH ET AL.

*Administrator's representations as to intestate's assets.*

1. A mortgager has a right to rely, if he does so in good faith, upon the statements of his mortgagee's administrator as to the present ownership of the mortgage; and if he makes payment to the person to whom the administrator says it belongs he cannot be held liable upon it afterwards.

2. Where an administrator wrongfully diverts the assets of his intestate the remedy is upon his bond or against his estate and not against innocent purchasers.

Appeal from Gratiot.   (Hart, J.)    May 14.—June 3.

FORECLOSURE bill.   Complainant appeals.   Affirmed.

*Smith & Sessions* for complainant.   One who owes a mortgage to an estate is not released by payment to one who has purchased the mortgage if he knows that the transfer is invalid:   *Cullen v. O'Hara* 4 Mich. 132; *Morton v. Preston* 18 Mich. 60; *Gilkey v. Hamilton* 22 Mich. 283; *Howard v. Patrick* 38 Mich. 804; also see *Clark v. Davis* 32 Mich. 154; *Barry v. Davis* 33 Mich. 515; any equities that may exist against an heir cannot prejudice the suit of the administrator: *Morton v. Preston* 18 Mich. 60; *McKinney v. Miller* 19 Mich. 153; *Abbott v. Godfroy* 1 Mich. 186.

*B. S. Scoville* and *W. S. Thurstin* for defendants.   A

public administrator is regarded like any other administrator in bringing suits, and he need not show that the facts exist which authorize him to take upon himself the burden of administration: *Wetzell v. Waters* 18 Mo. 396; the authority of an administrator does not subsist beyond the limits of the state under whose law he received his appointment; but the inhibition touching the exercise of such authority is *personal* to the officer in such representative capacity, and does not touch the *subject* of the trust: *Peterson v. Chemical Bank* 29 How. Pr. 240; id. 32 N. Y. 21; the right of action, if negotiable, may be transferred by the administrator within the proper jurisdiction, and such transferee may maintain suit upon it wherever he can find the debtor party: *Doolittle v. Lewis* 7 Johns. Ch. 49; *Robinson v. Crandall* 9 Wend. 426; *McNamara v. McNamara* 62 Ga. 200; *Smith v. Tiffany* 16 Hun 552; *Goodlett v. Anderson* 7 Lea 286; *St. John v. Hodges* 9 Baxt. 334; the administrator where debtor resides cannot discharge debt evidenced by note in hands of administrator appointed in creditor's domicile: *Chamberlain v. Wilson* 45 Iowa 149; *Brown v. San Francisco* 58 Cal. 426; *Marshall Co. v. Hanna* 57 Iowa 372; Story's Confl. Laws §§ 516, 517; but see *Ins. Co. v. Lewis* 97 U. S. 682; as to the right of a domiciliary administrator to sue in another state, see *Russell v. Madden* 95 Ill. 485; *Eells v. Holder* 2 McCrary C. C. 622; voluntary payment to a foreign administrator is good: *Nisbet v. Stewart* 2 Dev. & Bat. 24; one who is not guilty of bad faith in dealing with property of estate is protected: *Van Hoose v. Bush* 54 Ala. 342, 352; if heirs disaffirm an irregular sale of estate property, they must first refund the money paid: *Smith v. Knoebel* 82 Ill. 392; numerous cases in Missouri hold that the proceedings of their public administrator cannot be collaterally questioned: 18 Mo. 396; 24 Mo. 266; 62 Mo. 121; 65 Mo. 250; the approval of an administrator's report by the proper court cannot be attacked collaterally: 62 Ind. 298; *Snodgrass v. Snodgrass* 37 Tenn. 157; *Seawell v. Buckley* 54 Ala. 592; *Williams v. Petticrew* 62 Mo. 460; where a party has been compelled by foreign court to pay a debt to a creditor of such debtor's creditor, though the payment be erroneous, the party should be protected from paying again, and to that end all acts of foreign court should be presumed to be regular: *Holmes v. Remsen* 4 Johns. Ch. 460; in *Purple v. Whithed* 49 Vt. 187, a foreign administrator could maintain suit against a non-resident debtor having property in Vermont to subject the property to his claim. An adminis-

trator is estopped wherever he would have been bound if
the act had been his intestate's: *McKellop v. Jackman* 50
Vt. 57; where an administrator was present at a levy of a
sheriff upon property of the estate as the property of an-
other and did not object, but afterward encouraged the sale
of the goods, such acts not only estopped him from sustain-
ing an action of trespass but estopped his co-administrators
as well: *Camp v. Mosley* 2 Fla. 171; Bigelow on Estoppel
(2d ed.) 442–3; a release, sale or delivery of the goods of the
intestate binds all; even infants and married women by
intentionally fraudulent conduct may be estopped: *Wheeler v.
Wheeler* 9 Allen 34; an administrator is estopped to deny
holding a fund as administrator where his report showed no
other disposition of it: *Wilson v. Wilson* 17 Ohio St. 150;
an administrator de bonis non is in privity with his predeces-
sor in the same office, but not in privity with an independ-
ent administration deriving power from another ordinary,
though some doubt has been expressed upon the point:
*Yare v. Gough* Cro. Jac. 3; *Snape v. Norgate* Cro. Car. 167;
*Dykes v. Woodhouse* 3 Rand. 287; *Latine v. Clements* 3
Ga. 426; where an administrator had permitted legatees to
convert assets of the estate to their own use, and while so
held the property was levied upon for such legatees' debts,
the administrator could not recover it: *Drayton v. Dray-
ton* 1 Dessau. 557; the act of a public officer released the
municipality where he released an assessment in favor of the
city, and a party bought upon the faith of a clear title: *Cur-
nen v. New York* 79 N. Y. 511; an administrator de bonis
non can only administer upon the intestate's estate which
comes to his hand in specie, and where his predecessor has
been guilty of mal-administration and is liable as for a devas-
tavit, the administrator de bonis non does not become liable
in any manner upon the non-administration of the same sub-
ject-matter, nor can he enter upon administration touching
such assets: *Alsop v. Mather* 8 Conn. 584; *Saffran v. Kennedy*
7 J. J. Marsh 188; 3 Sneed 484; 5 C. E. Green 239; so
where prior administrator had released a debt due estate
without payment: *DeDeemer v. Van Wagner* 2 Johns. 404;
any disposition of what was the testator's as substituting one
thing for another is an administration: 11 Johns. 16; an
administrator de bonis non cannot maintain an action upon a
contract made by the first administrator with one who pur-
chased goods of him: *Rose v. Sutton* 1 Bailey 126; 6 W.
& S. 243; an executor may ratify the act of one who pro-
ceeds without authority and from that time the act is legally

his own : 1 Sm. Lead. Cas. 641 ; 10 Ad. & El. 210 ; 12 M. & W. 226 ; 1 Irish C. L. R. 482 ; so where one before appointment consents to a disposition of goods, he cannot avoid it after being appointed to administer : *Whitehall v. Squire* 3 Mod. 276 ; 3 Salk. 161.

CAMPBELL, J.   This is a suit to foreclose a mortgage given to Warren A. Sherwood, deceased, and claimed to have been discharged.   The case involves some of the features of *Reynolds v. McMullen* 55 Mich. 568, decided by this Court at the January term, 1885.   It differs from that, however, in some important facts.

The public administrator in Missouri, who, as explained in the former case, undertook to deal with the assets of Sherwood to the extent of between $60,000 and $70,000, put up Michigan assets at auction, and sold the whole for a few hundred dollars.   The former Michigan administrator, Mr. Russell, who attended the sale and warned bidders of his rights, bid off a considerable part of these assets with funds of the estate.   The mortgage now in dispute he bid off in the name of his wife, Julia Russell, and had it assigned to her.   He subsequently, with his attorney, Mr. Woolford, called on the mortgagor, and demanded payment, representing that his wife owned the security.   The mortgagor disputed the amount, claiming, among other things, that a portion was usurious, but offered to pay what was due by his own computation.   This was not accepted. Russell died, and after his death, Mr. Woolford applied for payment, on behalf of Mrs. Russell, and accepted a smaller amount than the face of the mortgage and interest, and gave a release, which was duly executed and acknowledged by Mrs. Russell, to whom he accounted for the money by paying a part, retaining a part as due him from Mr. Russell, in which she acquiesced.   There is testimony indicating that Mrs. Russell was in a condition to be imposed upon ; but it is evident that the mortgagor paid the money and took the release in good faith.

The court below sustained the defense and dismissed the bill.

In the case of *Reynolds v. McMullen,* the defendant's equities depended entirely on the action of the Missouri administrator. In this case the defense is based on the action of the Michigan administrator, who asserted that the mortgage belonged to Julia Russell, and on the faith of that assertion the money was paid to her agent. This defense seems to us to be complete. It was entirely competent for Russell to dispose of the mortgage, and a sale or transfer could be made which would operate to pass title without legal formalities. Any one dealing with an administrator has a right if acting honestly, to rely upon his representations concerning claims which belonged to his intestate, and when he says they belong to another person for whom he seeks payment, the debtor may act on his statement, and will be protected when he does so in good faith. He cannot be compelled to make special inquiry when the administrator acts in person in making the representations. The rights of defendant depend on the plainest rules of honesty and justice. If Russell was responsible for a wrongful diversion of assets, his successor must have recourse to his bond or estate to get redress. Innocent persons must not be made to suffer for their confidence in his assertions.

The decree must be affirmed with costs.

SHERWOOD and CHAMPLIN, JJ. concurred. COOLEY, C. J. did not sit.